UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Louis Kwame Fosu

v. Civil No. 26-cv-532-SM-AJ

Larsen, et al.

O R D E R

Louis Kwame Fosu brings claims against officials at the University of Rhode Island ("URI"), where he was previously employed, and against counsel for URI. On August 6, 2026, the court directed Fosu to pay the civil case filing or file a motion to proceed in forma pauperis by September 4, 2026. Doc. no. 6. The court also notified Fosu that failure to pay the fee or move to proceed in forma pauperis would result in the dismissal of the complaint for lack of prosecution. Id.

## I. Fosu's Failure to Prosecute His Case

On October 2, 2026, the magistrate judge issued a report and recommendation noting that Fosu had not paid the filing fee or moved to proceed in forma pauperis, as he was directed to do, and recommended that the court dismiss the case. Text Or., Oct. 2, 2026. Although Fosu has made other filings in this case, he has not paid the filing fee or moved to proceed in forma

pauperis.[1] He also did not object to the report and recommendation.

In the particular circumstances of this case, where Fosu has filed three related cases (two of which have been dismissed) and where Fosu, despite being unrepresented, is a law school graduate, it is appropriate to dismiss the case due to his failure to pay the filing fee or move to proceed in forma pauperis as he was directed to do. Even if Fosu had not failed to follow the court's direction, however, the case would be dismissed on the merits based on defendants' motion to dismiss. Doc. no. 8. Fosu did not file a response to that motion, and the time to do so has long since passed.

---

[1] Fosu moved for the presiding judge in the District of Rhode Island to recuse herself from this case. Doc. no. 11. After all of the judges in the District of Rhode Island recused, the case was assigned to the undersigned, sitting by designation. Doc. nos. 7, 14-18, 21, & 22.

Fosu then filed a motion titled "Expedited Motion to Enforce His Prior Request for Circuit-Level Successor-Judge Designation; to Transmit the Successor-Assignment Question to the Chief Judge of the United States Court of Appeals for the First Circuit Pursuant to 28 U.S.C. §§ 292(b) and 295; To End Further Intra-District 'Judicial Musical Chairs'; and to Stay Substantive Proceedings Pending Lawful Designation." Doc. no. 19. That motion is denied. See Designation of Judges, 26-mc-9003, at *10 (D.R.I. Nov. 25, 2025). Fosu filed a related motion titled "Expedited Motion for Ministerial Clarification and Preservation of the October 1, 2026 Docket Chronology; Notice of Objection and Preservation of Rights Concerning Successor-Judge Designation." Doc. no. 23. For the same reason, the motion is denied. Fosu moved for a sixty-day stay to give him more time to litigate his appeals, which was denied. Doc. no. 27.

II. Dismissal on the Merits

Fosu alleges civil rights claims under 42 U.S.C. §§ 1983 and 1985, and under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 against defendants, who are officials at URI. The statutes of limitations for § 1983 and § 1985 claims are three years from the time the claim accrued. Wilson v. Carcia, 471 U.S. 261, 266-67 (1985); Fincher v. Town of Brookline, 26 F.4th 479, 485 (1st Cir. 2022); N.H. R.S.A. 508:4. The statute of limitations for RICO claims is four years. Alvarez-Mauras v. Banco Popular of P.R., 919 F.3d 617, 625 (1st Cir. 2019). Claims under § 1983, § 1985, and RICO accrue on "'the date when the potential plaintiff knew or should have known that she was harmed.'" Brooks v. Town of Worthington, No. 25-cv-30031, 2026 WL 2936791, at *3 (D. Mass. Sept. 30, 2026) (quoting Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008)); Kia Am., Inc. v. DMO Auto Acquisitions, LLC, 775 F. Supp. 3d 607, 620 (D.N.H. 2025).

Fosu's claims arose from his employment by URI that began in the spring of 2019. After many incidents and complaints, Fosu was placed on administrative leave in early 2021 and subsequently his appointment was not renewed in the summer of 2021. Fosu filed the complaint in this case on August 5, 2026,

more than five years after his employment ended. Fosu's attempts in the complaint to fit the circumstances of his case into the discovery rule for accrual purposes are unavailing. Fosu knew or should have known of his alleged harm when his employment ended. Therefore, even if Fosu had complied with the court's direction with respect to the filing fee, his case still must be dismissed as untimely filed, for the reasons given in defendants' motion to dismiss.[2]

## Conclusion

For these reasons, the court approves and adopts the report and recommendation to dismiss the case. Text Or. Oct. 2, 2026. In addition, the court grants defendants' motion to dismiss (doc. no. 8). Plaintiff's claims are dismissed with prejudice. Plaintiff's motions for recusal, for "Circuit Level Successor Judge Designation," and for "Ministerial Clarification" (doc. nos. 11, 19, & 23) are denied.

[2] Defendants also ask that Fosu be declared a vexatious litigant. Doc. no. 8. That determination may be appropriate, but will be deferred, albeit with notice to Fosu that continuing to file repetitive and meritless claims and motions will likely result in sanctions, including restrictions on his ability to file new actions. See Lane v. Martha Eliott Health Ctr.-Clinic, No. 26-cv-11700, 2026 WL 1673711, at *2 (D. Mass. May 14, 2026).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

______________________________
Steven J. McAuliffe
United States District Judge
Sitting by designation.

October 20, 2026

cc: Louis Kwame Fosu
    Counsel of record